UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JAMES JOHNSON,

                Petitioner,

                -against-

JOSEPH T. SMITH, Superintendent,
Shawangunk Correctional Facility,

                Respondent.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
08-CV-2979 (ENV)

VITALIANO, United States District Judge:

By his petition dated July 8, 2008, James Johnson, who is *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2002 state conviction. The Court grants petitioner's request to proceed *in forma pauperis*. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act"). Therefore, petitioner is directed to submit an affirmation, within sixty (60) days of the entry of this Order, as to why the petition should not be dismissed as time-barred.

## DISCUSSION

AEDPA provides in relevant part that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>     (A) the date on which the judgment became final by the conclusion

of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); see Lindh v. Murphy, 521 U.S. 320, 327 (1997) (interpreting § 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act.").

Background

Petitioner alleges that he was convicted on March 15, 2002. See Petition at 1, ¶ 3. The Appellate Division, Second Department, affirmed the conviction on December 19, 2005. See People v. Johnson, 24 A.D.3d 688, 805 N.Y.S.2d 844, 2005 N.Y. Slip Op. 09745 (2d Dep't 2005). On April 26, 2006, the New York State Court of Appeals denied petitioner leave to appeal. See People v. Johnson, 6 N.Y.3d 849 (Table), 849 N.E.2d 978, 816 N.Y.S.2d 755 (2006). Absent petition for certiorari to the United States Supreme Court, a petitioner's judgment of conviction becomes final for AEDPA purposes 90 days from the date the New York

State Court of Appeals denies leave to appeal. Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). Therefore, petitioner's conviction became final on or about July 25, 2006 and, absent tolling, petitioner had until July 25, 2007 to file under § 2254 for a writ of habeas corpus. Since the instant petition was dated July 8, 2008, more than eleven months after the limitations period expired, it appears barred by 28 U.S.C. § 2244(d).

Statutory Tolling

In calculating the one-year statute of limitations period, however, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). But, filing a post-conviction motion does not start the one-year statute of limitations period to run anew. Rather, the tolling provision under § 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year statute of limitations. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam). Petitioner states that on May 3, 2007, he filed a motion for a writ of error *coram nobis* to vacate the Appellate Division's December 19, 2005 Order, on the ground of ineffective assistance of appellate counsel. See Petition at 3, ¶12(a)(6). On September 25, 2007, the Appellate Division denied his motion. See People v. Johnson, 43 A.D.3d 1182, 841 N.Y.S.2d 802, 2007 N.Y. Slip Op. 07015 (2d Dep't 2007). Petitioner further states that he sought leave to appeal the Appellate Division's Order, but on May 8, 2008, the New York State Court of Appeals denied his leave application. See People v. Johnson, 10 N.Y.3d 865 (Table), --- N.Y.S.2d ---- (2008). Yet, because petitioner does not state the date he filed his application for leave to appeal the denial of his motion for a writ of error *coram nobis*, the Court is unable to determine if petitioner's motion can serve to toll

enough of the limitations period under § 2244(d)(2) to render his instant petition timely.

Equitable Tolling

The limitations period may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith, 208 F.3d at 17, and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id.; see also Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) (confiscation of legal papers may be sufficient to establish potential basis for equitable tolling); but see Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) (even with extraordinary circumstances early in the statutory period, petitioner must show he diligently pursued the application in the time remaining). On the present record, there is no basis for equitable tolling.

## CONCLUSION

Petitioner is therefore directed to show cause by written affirmation, within sixty (60) days from the date of this Order, why the instant petition should not be dismissed as time-barred.[1] Day v. McDonough, 126 S.Ct. 1675, 1684 (2006) (citing Acosta v. Artuz, 221 F.3d 117, 124-125 (2d Cir. 2000) (before acting on its own initiative to dismiss petition as untimely, court must accord the parties fair notice and an opportunity to present their positions). Petitioner's affirmation should include the date he filed his application with the Court of Appeals to appeal the Appellate Division's denial of his motion for a writ of error *coram nobis*, and any facts which would support tolling of the statute of limitations.

---

[1] An affirmation form is attached to this Order for petitioner's convenience.

4

No response to the petition by respondent shall be required at this time and all further proceedings shall be stayed for sixty (60) days for petitioner to comply with this Order.

If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred. 28 U.S.C. § 2244(d).

SO ORDERED.

Dated: Brooklyn, New York
August 1, 2008

ERIC N. VITALIANO
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JAMES JOHNSON,

        Petitioner,

-against-

JOSEPH T. SMITH, Superintendent,
Shawangunk Correctional Facility,

        Respondent.
------------------------------------------------------------x

**PETITIONER'S AFFIRMATION**
08-CV-2979 (ENV)

STATE OF _____ }
COUNTY OF _____ } SS:

    JAMES JOHNSON, makes the following affirmation under the penalties of perjury:

    I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's order dated _____. The instant petition should not be time-barred by the one-year statute of limitations because

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature

_____
Address

_____

City, State & ZIP